Error.

A. J. HAMILTON v. J. P. ICARD, et al.

*Adverse Possession of Land—Test of—Cultivation of Various Portions of Land.*

1. The best test of the sufficiency of possession to ripen title is the liability to which the occupant subjects himself to a possessory action.

2. The fact that a person planted tobacco beds on different portions of land for more than the statutory period, but not on one spot for more than two years in succession, (the land not being enclosed except during the period of cultivation), is not evidence of adverse possession.

CIVIL ACTION for the recovery of land tried before *Timberlake, J.,* and a jury, at Spring Term, 1895, of CALDWELL Superior Court. There was a verdict for the plaintiff and defendants appealed. The facts sufficiently appear in the opinion of Associate Justice AVERY.

*Edmund Jones* for plaintiff.
*Messrs. Geo. N. Folk* and *Lawrence Wakefield* for defendants (appellants).

HAMILTON *v.* ICARD.

AVERY, J.: The exception to the modification by the court of the defendant's first prayer for instructions in adding "the Graham grant" is without merit. The surveyor Beard had testified that he had located the four grants offered by the plaintiffs to show that the title was out of the State (including No. 3844, the Graham grant) and that they covered the land. As the satisfactory location of these grants rendered it no longer necessary to prove possession under color of title for 21 years, but reduced the statutory period to 7 years, it was proper to submit the question of location of the grants precisely as it was raised by the testimony. *Hamilton* v. *Icard*, 114 N. C., 532.

The second assignment of error is equally untenable. On the former appeal the testimony tended to show what counsel aptly called a peripatetic possession by the planting of tobacco beds on the land every year, but never more than two years in the same spot. On the former trial it was in evidence that a tenant of plaintiff had planted tobacco seed for more than ten years before the action was brought, upon precisely the same spot. It was held on appeal that in order to mature title under color it was necessary to show that defendant had subjected himself to liability to a possessory action by a continuous possession of the very same locality for the requisite statutory period, whether that in the particular case was 21 or 7 years. *Hamilton* v. *Icard supra.* The court was not therefore in error in telling the jury that if they did not believe the plaintiff held uninterrupted possession of the field mentioned by the witnesses for seven years, he could recover, but, if such possession was not shown, he could not recover unless the jury should find that the tobacco beds were planted on the same spot for 7 successive years. Where it is in evidence as in the case at bar

that the land in controversy is situated in territory where land owners are no longer required to keep lawful fences around their cultivated lands, the possession is not deemed abandoned when it is shown that the plaintiff used the land from year to year as is customary amongst farmers. The use of the land for one or two years for meadow or for pasture between the different plantings of cereals or the sowing of a tobacco bed on the same spot without constructing a fence around it, would be such a possession as would subject the occupant to a possessory action during the whole period, and the liability to such an action is always the best test of the sufficiency of possession to ripen title. *Osborne* v. *Johnson*, 65 N. C., 22; *Hamilton* v. *Icard*, *supra*, and authorities there cited. The entry of the occupant to cut grass on meadow land differs from the occasional exercise of dominion by cutting timber trees for boards or rails, in that it is such use of the land as prudent husbandmen, in a country where grass grows readily, make of some of the arable portions of their farms almost every year. *Shaffer* v. *Gaynor*, at this term.

What has been said disposes of all of the grounds of exception and the judgment must be affirmed.